# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**GEORGE MISTER, JR.,**                                              **PETITIONER**

**V.**                                                          **NO. 2:04CV298-B-B**

**DONALD CABANA, ET AL,**                                           **RESPONDENTS**

## O P I N I O N

This cause comes before the court on the petition of George Mister, Jr., for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted, in accordance with his plea of guilty, in the Circuit Court of Panola County, Mississippi, of aggravated assault. He was sentenced to 20 years in the custody of the Mississippi Department of Corrections, with 15 years suspended. On February 10, 2003, the suspension was revoked and petitioner was ordered to serve a term of five years.

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation, codified at 28 U.S.C. § 2244(d)(1):

> (d)(1) 1-year period of limitation shall apply
> to an application for a writ of habeas corpus
> by a person in custody pursuant to the judgment
> of a State court. The limitation period shall
> run from the latest of
>     (A) the date on which the judgment became
>     final by the conclusion of direct review
>     or the expiration of the time for seeking
>     such review;
>     (B) the date on which the impediment to
>     filing an application created by State
>     action in violation of the Constitution
>     or laws of the United States is removed,

> if the applicant was prevented from filing such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Accordingly, unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a federal habeas corpus petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See, e.g., Cantu-Tzin*, 162 F.3d 295 (5th Cir. 1998), *cert. Denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998); *se also, Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998) (2244(d)(2) requires federal courts to toll the time spent in state court post-conviction litigation).

The judgment became final on February 10, 2003, the day that the suspension was revoked, since under Mississippi law there is no direct appeal from the revocation of a suspended sentence. *See Rogers v. State*, 829 So.2d 1287, 1288 (Miss.App. 2002). Consequently, unless petitioner filed a "properly filed" application on or before February 10, 2004, to toll the period of limitation, any habeas corpus petition challenging the convictions would be filed too late. *See Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998).

Petitioner filed a petition for post-conviction relief in the Circuit Court of Panola County on March 17, 2003. The motion was denied on October 3, 2003. Mister did not timely file a notice of appeal of the denial of post-conviction relief.[1] Therefore, petitioner is entitled to have the habeas limitation period tolled for a total of 200 days - the number of days the petition was pending from March 17, 2003, through October 3, 2003. Any federal habeas petition, therefore, had to be filed no later than August 30, 2004.[2]

The petition was signed by petitioner on October 19, 2004, and was stamped filed in this court on October 21, 2004. It was therefore filed at least 50 days after the allowable time. Petitioner

---

[1] Petitioner filed a Late Notice of Appeal in the Mississippi Supreme Court on May 26, 2004, along with an Affidavit in Support of Late Notice of Appeal and an Affidavit of Poverty. The Supreme Court then denied the request to appeal as a pauper, and ordered Mister to prepay the costs of the appeal within seven days. Mister next filed a Motion Pursuant to MRAP 11(b)(1), which was denied by the Circuit Court on August 30, 2004. This order informed petitioner that in order to appeal as a pauper, he would have to proceed pursuant to M.R.A.P. 6(a)(3) and seek relief from the Mississippi Supreme Court. On August 30, 2004, petitioner filed a Motion for Rehearing with the Circuit Court, again seeking indigent status on appeal. This motion was denied on September 21, 2004, and again the order informed Mister that he must seek relief from the Supreme Court. On October 14, 2004, the Mississippi Supreme Court issued a Mandate dismissing the appeal for failure to pay costs, in accordance with M.R.A.P. 2(a)(2). Accordingly, the appeal was never properly before the appellate court, and there should be no tolling of the habeas limitation period between the filing of the Late Notice of Appeal and the entry of the Mandate.

[2] The actual due date would have been August 28, 2004, but that date fell on a Saturday. Therefore, petitioner would have had until the next business day, which was Monday, August 30, 2004.

cites no "rare and exceptional" circumstances to warrant equitable tolling.[3] Consequently, the petition must be dismissed with prejudice as untimely filed.

A final judgment in accordance with this opinion will be entered.

THIS the 21st day of September, 2005.

/s/ Neal Biggers
_____
SENIOR U.S. DISTRICT JUDGE

---

[3] Petitioner was not actively misled nor prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, at 513-14 (5th Cir. 1999).